IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

KIMBERLY D. ADKINS, Administratrix
of the Estate of Michael J. Adkins, Deceased, and
KIMBERLY D. ADKINS, Individually,

                Plaintiff,

v.                                        CIVIL ACTION NO.   3:21-0164

APPALACHIAN POWER COMPANY,
a Virginia corporation,

                Defendant.

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is Plaintiff Kimberly D. Adkins', Administratrix of the Estate of Michael J. Adkins, Deceased, and Kimberly D. Adkins', individually, (collectively "Plaintiffs") Motion for Leave to File Terms of Settlement Agreement under Seal. ECF No. 178. For the reasons herein, the Court **GRANTS** the Motion.

**I. FACTUAL BACKGROUND**

Plaintiffs filed this action alleging wrongful death, various negligence claims, intentional and/or reckless infliction of emotional distress, negligent infliction of emotional distress, loss of consortium, and respondeat superior. *See e.g., Complaint*, ECF No. 1-1. Plaintiffs' decedent is her husband, Michael J. Adkins, who died after being shocked by a powerline on May 6, 2019. Compl. ¶¶ 22-29. Plaintiffs allege that Defendant Appalachian Power Company's failure to ensure that the powerlines were strung at a safe vertical clearance led to Mr. Adkins' shock, fall, and, ultimately, death. Plaintiffs allege that the installation of the powerline failed to comply with the National

Electric Safety Code and that Defendant was liable for employees' failures in installation. Parties arrived at a settlement on March 10, 2022. *See* ECF Nos. 176, 177. Plaintiffs then filed a Motion for Approval of Settlement and to Dismiss this Action. ECF No. 177. Plaintiffs also filed a Motion for Leave to File Terms of Settlement under Seal. ECF No. 178. Defendant filed a response indicating that it did not oppose the Motions. ECF No. 180.

## II. LEGAL STANDARD

A motion to seal must be accompanied by a memorandum of law that contains the following:

> (A) the reasons why sealing is necessary, including the reasons why alternative to sealing, such as redaction, are inadequate;
> (B) the requested duration of the proposed seal; and
> (C) a discussion of the propriety of sealing, giving due regard to the parameters of the common law and First Amendment rights of access as interpreted by the Supreme Court and our Court of Appeals.

S.D.W. Va. L.R. Civ. P. 26.4(c)(2). Public inspection of court documents "is necessary to allow interested parties to judge the court's work product in the cases assigned to it," and the court will only seal documents when "exceptional circumstances" are present. *Id.* 26.4(c)(1).

The common law "presumes a right of the public to inspect and copy '*all* judicial records and documents.'" *Va. Dep't of State Police v. Wash. Post*, 386 F.3d 567, 575 (4th Cir. 2004) (quoting *Stone v. Univ. of Md. Med. Sys. Corp.*, 855 F.2d 178, 180 (4th Cir. 1988)) (emphasis added). "This presumption of access, however, can be rebutted if countervailing interests heavily outweigh the public interests in access." *Rushford v. New Yorker Mag., Inc.*, 846 F.2d 249, 253 (4th Cir. 1988). This is effectively a balancing test that requires courts to consider "whether the records are sought for improper purposes, such as promoting public scandals or unfairly gaining a business advantage; whether release would enhance the public's understanding of an important

historical event; and whether the public has already had access to the information contained in the records." *In re Knight Publ'g Co.*, 743 F.2d 231, 235 (4th Cir. 1984). In any event, "the decision as to access" under the common law standard "is one best left to the sound discretion of the trial court." *Nixon v. Warner Commc'ns., Inc*, 435 U.S. 589, 599 (1978).

### III. DISCUSSION

As noted by Judge Goodwin, "West Virginia Code § 55-7-7 mandates court approval—and thus publication—of wrongful death settlements. 'It is essentially impossible for the public to judge the approval process in a given wrongful death case ... if the terms of the settlement ... are not spread upon the public record.'" *Dilliner v. General Motors, LLC*, No. 2:19-CV-00415, 202 WL 665531, at *2 (S.D.W. Va. Feb. 19, 2021) (quoting *Hall v. Beverly Enterprises-W. Virginia, Inc.*, No. 2:10-0842, 2010 WL 4813307, at *1. But the primary purpose of the wrongful death statute "is not to arm the public with settlement information but to protect the beneficiaries of the decedent." *Id*. "'In instances where the only beneficiaries to such a compromise are adults, the statute requires that such agreements be presented to the circuit court for approval. W. Va. Code § 55–7–7. Although the role of the trial court in those wrongful death cases involving only adult beneficiaries, all of whom have consented to the terms of the settlement agreement, is necessarily limited, the trial court must still ascertain that each potential beneficiary has been included in the agreement and make inquiry regarding the presence of any factor that could potentially serve to invalidate the agreement." *Est. of Postlewait v. Ohio Valley Med. Ctr., Inc.*, 591 S.E.2d 226 (W. Va. 2003).

This Court is able to ascertain the validity of the agreement where filed under seal, effectuating the purpose of § 55-7-7. Further, "[c]onfidentiality is necessary in settlement discussions and agreements to encourage candor and participation in the negotiations by all

parties." *Saunders v. Champ Sports, Inc.*, No. 2:07-CV-00655, 2008 WL 5142393, at *1 (S.D.W. Va. Dec. 8, 2008) (citations omitted). Additionally, the parties have not voluntarily disclosed the settlement terms, but have been forced to do so by the requirements of West Virginia law. *See BrickStreet Mut. Ins. Co. v. Zurich Am. Ins. Co.,* No. 2:15-CV-06172, 2016 WL 10789403, at *3 (S.D.W. Va. June 17, 2016) ("[Plaintiff's] interest in maintaining the confidentiality of the settlement agreement is diminished by voluntarily electing to disclose it to the court.").

### IV. CONCLUSION

For the reasons herein, the Motion for Leave to File Terms of Settlement Agreement under Seal (ECF No. 178) is **GRANTED**. The Court **DIRECTS** Plaintiffs to file the Settlement Agreement under seal and to file a Proposed Order regarding the Motion for Approval and Dismissal (ECF No. 177).

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented parties.

ENTER: April 12, 2022

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE